UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY<br>1 First American Way<br>Santa Ana, California  92707<br><br>    Plaintiff,<br><br>v.<br><br>CLASSIC SETTLEMENTS, INC.<br>6 Montgomery Village Avenue<br>Suite # 305<br>Gaithersburg, Maryland  20879<br><br>    <u>Serve On Resident Agent</u>:<br>    Stuart M. Schabes, Esq.<br>    Ober, Kaler, Grimes & Shriver<br>    100 Light Street<br>    Baltimore, Maryland  21202<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br>Civil Action No. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

Plaintiff, First American Title Insurance Company ("First American"), through undersigned counsel, commences this civil action against defendant, Classic Settlements, Inc. The grounds for this Complaint are as follows:

**Parties and Jurisdiction**

1. Plaintiff, First American, is a title insurance company authorized to transact business in the State of Maryland. First American is incorporated under the laws of the State of California and maintains its principal place of business in the State of California. First American, therefore, is a citizen of the State of California.

2.      Defendant, Classic Settlements, Inc. ("Classic Settlements"), is a title company. Classic Settlements is incorporated under the laws of the State of Maryland and maintains its principal place of business in the State of Maryland. Classic Settlements, therefore, is a citizen of the State of Maryland.

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the sum or value of the matter in controversy exceeds $75,000.

4.      Venue is proper in this district because the defendant resides in this district. *See* 28 U.S.C. § 1391.

**Facts Common to All Counts**

5.      Pursuant to a limited agency agreement, Classic Settlements was authorized by First American to solicit, originate, and execute title insurance commitments and policies on behalf of First American in exchange for a commission.

6.      Under the limited agency agreement, Classic Settlements agreed to serve as an issuing agent of First American and to promote the title insurance business of First American "in a prudent, ethical manner in accordance with recognized title underwriting principles and such rules, regulations and instructions of [First American] relating thereto."

7.      Classic Settlements agreed its determination of insurability for each property shall be based on (i) a search of all relevant public records affecting the property to be insured, (ii) an examination of the results of such search by an approved attorney and a certificate of the opinion of the attorney, and (iii) the absence of knowledge of any "fact, doubt, or rumor which may

adversely affect the interest of the proposed insured or the real property to be described in the policy."

8. Classic Settlements further agreed to "exercise due diligence and reasonable care in any and all activities undertaken in the performance of [the limited agency agreement]."

9. In 2009, Matthew and Patricia Wilson ("the Wilsons") purchased real property, known as 17701 Moore Road, Dickerson, Maryland ("the Property"), from Francis and Kristine Mackie ("the Mackies"). The Property, which consists of approximately 31 acres, is located in Montgomery County, Maryland.

10. Classic Settlements was the title company that conducted the closing for the sale and transfer of the Property from the Mackies to the Wilsons. The closing took place on December 30, 2009.

11. Before closing, information regarding a 25' wide easement for ingress/egress ("the Easement") encumbering the Property was obtained by Classic Settlements from a title abstractor hired by Classic Settlements to conduct a title search. According to court records uncovered by the title abstractor, the Easement was established by a consent decree and related court documents executed by the Mackies in 2007.

12. Classic Settlements failed to inform the Wilsons or First American about the consent decree or the Easement. Indeed, the title insurance policy commitments prepared by Classic Settlements failed to disclose the existence of the consent decree or Easement.

13. In connection with the closing, Classic Settlements, as the issuing agent for First American, issued title insurance policy no. VMDO.E911517389 ("the Owners' Policy") to the Wilsons to insure the Property against certain defects in title, liens, or other encumbrances.

14. At the same time, Classic Settlements, as the issuing agent for First American, also issued title insurance policy no. VMDL.E811556892 ("the Loan Policy") to the Wilsons' mortgage lender, insuring the Property against essentially the same risks, but naming the mortgage lender as the insured.

15. Classic Settlements prepared a "Schedule B" for each policy, listing coverage exceptions, which were purportedly based on an examination of the results of a title search. Classic Settlements, however, failed to take exception to the consent decree and Easement on Schedule B of the Owners' Policy and Loan Policy.

16. First American remitted the required commission to Classic Settlements in connection with the issuance of the Owners' Policy and Loan Policy. First American had no knowledge of the consent decree or Easement when the title insurance policies were issued.

17. On March 16, 2012, Kristine Mackie, Francis Mackie, Mark Agnew, and Dominique Agnew, who jointly own a 4.75 acre tract of land adjacent to the Property, filed a declaratory judgment action against the Wilsons in the Circuit Court for Montgomery County, captioned *Kristine Mackie, et al. v. Matthew Stewart Wilson, et ux.*, Case No. 360840V ("the Mackie/Wilson Litigation").

18. The plaintiffs in the Mackie/Wilson Litigation sought to enforce the Easement, which they alleged had been established more than two years before the Wilsons purchased the Property.

19. The Wilsons, who were served with the complaint in December 2012, notified First American of the lawsuit. The Wilsons challenged the enforceability of the Easement because, among other things, it had not been disclosed to them before their purchase of the

4

Property and was not recorded in the county land records. First American, in accordance with its obligations under the Owners' Policy, paid the Wilsons' legal fees and costs in challenging the enforceability of the Easement.

20. The case went to trial in September 2013. On December 16, 2013, the Circuit Court for Montgomery County entered a judgment declaring the Easement to be "established and enforceable" against the Wilsons.

21. According to the Circuit Court, the evidence presented at trial established that Classic Settlements received, among other things, a copy of the consent decree from the title abstractor prior to settlement. The consent decree was referenced on the title abstract provided to Classic Settlements and its settlement attorney, Lisa Bosse, who testified at trial.

22. The Circuit Court further found Ms. Bosse had knowledge of the confirmatory deed by which the Mackies received the Property (before it was sold to the Wilsons), and that deed also referenced the lawsuit (*i.e.*, the partition action) that resulted in the consent decree and creation of the Easement.

23. Although the Circuit Court found the Wilsons did not have knowledge of the Easement, the Circuit Court found Classic Settlements had knowledge of the Easement. The Circuit Court concluded that because Classic Settlements had notice of the Easement prior to settlement, the Easement is enforceable against the Wilsons.

24. Based on a real estate appraisal prepared for purposes of the Mackie/Wilson Litigation, the detrimental impact on the Property and market value compensation of the Easement is $100,000.

25. Given the Circuit Court's decision finding the Easement enforceable against the Wilsons, First American is obligated to indemnify the Wilsons and/or their mortgage lender for monetary losses or damages resulting from the Easement, including $100,000 for the detrimental impact on the Property and market value compensation of the Easement. First American's indemnification obligation under the Owners' Policy and Loan Policy is a direct legal consequence of Classic Settlements' failure to take exception to the consent decree and Easement on the Owners' Policy and Loan Policy.

26. Still further, First American incurred substantial fees and costs, exceeding $85,000, relating to the Wilsons' defense in the Mackie/Wilson Litigation. Those fees and costs were a direct legal consequence of Classic Settlements' failure to take exception to the consent decree and Easement on the Owners' Policy.

## COUNT I
### (Breach of Contract)

27. First American incorporates by reference, as if fully stated herein, paragraphs 1 through 26 of the Complaint.

28. Classic Settlements, as the issuing agent for First American, breached its contractual obligations under the limited agency agreement with First American when it prepared the policy commitments and issued the Owners' Policy and Loan Policy without taking exception to the consent decree and Easement.

29. Classic Settlements breached its obligations under the limited agency agreement by (i) failing to act in a prudent manner; (ii) failing to act in accordance with recognized title underwriting principles; and (iii) failing to act in accordance with such rules, regulations, and instructions promulgated by First American relating to title underwriting.

30. Classic Settlements further breached its obligations under the limited agency agreement with First American by (i) failing to conduct a search of all relevant public records affecting the Property; (ii) failing to examine the results of a search of all relevant public records affecting the Property; (iii) failing to provide a certificate of the opinion of an approved attorney concerning the examination of such public record search; and/or (iv) issuing title insurance policies with knowledge of information adversely affecting the interest of the Wilsons and the Property to be insured.

31. Classic Settlements' breach of its contractual obligations caused First American to incur substantial losses and damages under the policies, including but not limited to, (i) the cost of indemnifying the Wilsons and/or their mortgage lender for losses resulting from the Easement, and (ii) the cost of defending the Wilsons' interests in the Mackie/Wilson Litigation.

WHEREFORE, plaintiff, First American Title Insurance Company, respectfully requests that this Court enter judgment in its favor and against Classic Settlements, Inc., in the amount of $250,000, plus pre-judgment and post-judgment interest, costs, and such other relief that this Court deems just and proper.

## COUNT II
### (Negligence)

32. First American incorporates by reference, as if fully stated herein, paragraphs 1 through 31 of the Complaint.

33. Maryland law recognizes an independent duty of care owed by an insurance agent to its principal, the breach of which gives rise to a cause of action for negligence.

34.     Classic Settlements, as the issuing agent of First American, knew or should have known of the Easement and had an independent duty of care to take exception to such encumbrances on Schedule B of the Owners' Policy and Loan Policy before issuance.

35.     Classic Settlements failed to exercise reasonable care and skill in performing its duties relating to the issuance of the Owners' Policy and Loan Policy by failing to take exception to the Easement and, therefore, obligating First American to cover losses and damages relating to the Easement.

36.     Classic Settlements breached its duty of care when it issued the Owners' Policy and Loan Policy, without taking exception to the Easement, and, therefore, is liable in tort for the damages and losses sustained by First American under the Owners' Policy and Loan Policy resulting from the Easement.

37.     The negligence of Classic Settlements caused First American to incur substantial losses and damages under the policies, including but not limited to, (i) the cost of indemnifying the Wilsons and/or their mortgage lender for losses resulting from the Easement, and (ii) the cost of defending the Wilsons' interests in the Mackie/Wilson Litigation.

WHEREFORE, plaintiff, First American Title Insurance Company, respectfully requests that this Court enter judgment in its favor and against Classic Settlements, Inc., in the amount of $250,000, plus pre-judgment and post-judgment interest, costs, and such other relief that this Court deems just and proper.

Respectfully submitted,

   /s/ Michael P. Cunningham
Michael P. Cunningham
Federal Bar No. 26010
mcunningham@fblaw.com
Adam R. Gazaille
Federal Bar No. 30171
agazaille@fblaw.com

Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland  21201-3111
410.659.7700 (telephone)
410.659.7773 (facsimile)

Attorneys for Plaintiff First American
Title Insurance Company

Dated:  March 31, 2014

58254.003: 160809